IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERMIT WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-325-JJF |
| | ) |
| RUTH ANN MINNER, JANE BRADY, | ) |
| and STANLEY TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Kermit West, SBI # 043066, is a _pro se_ litigant who is presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed _in forma pauperis_ pursuant to 28 U.S.C. § 1915.

**I. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether Plaintiff is eligible for pauper status. On June 21, 2004, the Court granted Plaintiff leave to proceed _in forma pauperis_, assessed $1.68 as an initial partial filing fee, and ordered Plaintiff to file an Authorization Form within thirty days or, the Complaint would be dismissed. Plaintiff filed the Authorization Form on June 25, 2004.

Once the pauper determination is made, the Court must then

determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the Court finds Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)- 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true factual allegations in complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the Court to dismiss an in forma pauperis complaint at any time, if the Court finds the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the Court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id. As discussed below, Plaintiff's claim has no arguable basis in law or in fact, and shall be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II. DISCUSSION

### A. The Complaint

Plaintiff alleges that in 1962 he was sentenced to two life sentences which were to run concurrently. (D.I. 1 at 3)

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

Plaintiff further alleges that in 1962, a life sentences was defined as thirty years. (Id.) Plaintiff further alleges that in 1972, a life sentence was redefined as forty-five years, and that after the Delaware statute was revised, his sentence was extended. (Id.) Plaintiff alleges that he has written to each of the Defendants and has not received a response. (Id.) Plaintiff requests that the Court award him $3,000,000 for the "past 13 yrs." The Court construes this to be a request for compensatory damages. (Id. at 4) Plaintiff further requests that the Court order that his sentence be corrected, and that he be released from prison. (Id.) On June 8, 2004, Plaintiff filed a Motion for Appointment of Counsel. (D.I. 6) Because the Court finds that Plaintiff's complaint is frivolous, the Court shall deny the Motion for Appointment of Counsel as moot.

**B.  Analysis**

In essence, Plaintiff is alleging that the revision to the Delaware statute in 1972 was a violation of the constitutional prohibition against ex post facto laws, and thus, his current incarceration is unconstitutional. (D.I. 1) The gravamen of Plaintiff's complaint is challenging the fact of his conviction, or the duration of his sentence. Consequently, his sole federal remedy is by way of habeas corpus. Preiser v. Rodriquez, 411

U.S. 475 (1973).³

Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Tedford v. Hepting, 990 F.2d 745 (3d Cir. 1993)(prisoner could not obtain relief under § 1983 for wrongful confinement absent a successful challenge to his underlying conviction). Plaintiff's claim for damages is, on its face, based on his alleged unconstitutional confinement - specifically, in violation of the constitutional prohibition against ex post facto laws. See Hall v. NYS Div. of Parole, 225 F.3d 645 (Table), 2000 WL 1186256 at *2 (2d Cir. Aug. 21, 2000). Plaintiff's claim, therefore, falls squarely under the rules in Heck. However, Plaintiff has not alleged, let alone proved, that his conviction or sentence was reversed or invalidated as provided by Heck. Consequently, to the extent Plaintiff is seeking damages for his confinement, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous.

---

³ In fact, the Court advised Plaintiff in the June 2, 2004, Order that to the extent he is seeking release from confinement, such relief is only available pursuant to 28 U.S.C. § 2254. However, a search of the Court's files indicates that Plaintiff has not filed a Petition for Writ of Habeas Corpus.

See Neitzke, 490 U.S. at 326. Consequently, to the extent that Plaintiff is challenging the fact of his conviction, or the duration of his sentence, the Court shall dismiss his claim without prejudice pursuant to §§ 1915(e)(2)(B)- 1915A(b)(1).

NOW THEREFORE, this 24 day of March, 2005, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Appointment of Counsel (D.I. 6) is DENIED as MOOT.

2. To the extent that Plaintiff is seeking release from confinement, such relief is only available pursuant to 28 U.S.C. §§ 2254.

3. Plaintiff's claim that his confinement is in violation of the constitutional prohibition against ex post facto laws shall be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE